**In the Matter of U.G., a Child.**

**No. 13–02–444–CV.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Feb. 26, 2004.

Rehearing Overruled April 1, 2004.

Azalea Aleman Guerra, Aleman &Aleman, McAllen, B. Isabel Rodriguez, Edinburg, Joseph A. Connors, III and Susan Miller, McAllen, for Appellant.

Diane Palmiotti, Mark M. Talbot, Asst. Crim. Dist. Attys., Glenn Devino, Asst. Dist. Atty., Edinburg and Theodore C. Hake, Asst. Crim. Dist. Atty., for State.

Before Justices HINOJOSA, RODRIGUEZ, and GARZA.

## OPINION

Opinion by Justice GARZA.

Appellant, U.G., appeals from the judgment of the trial court in a juvenile proceeding. In three issues, appellant alleges that the trial court improperly admitted evidence against him in violation of both the Texas Family Code and his due process rights under the United States and Texas Constitutions. We affirm the judgment of the trial court.

## Background

In the early morning hours of December 8, 2001, Juan "Johnny" Bernal was stabbed in the chest following an altercation on Ivy Street in the city of Alamo. Bernal subsequently collapsed and died from his wounds. After a brief investigation, appellant, appellant's mother and another adult male were all initially arrested and charged in the crime. Ultimately, however, the two adult suspects were released and only appellant faced charges. In appellant's jury trial, he did not testify, and his mother, when called to the stand, invoked her Fifth Amendment right to remain silent. However, statements made to the police by both appellant and his mother immediately following the homicide were used against appellant over his objections. The jury found that appellant engaged in delinquent conduct by using a deadly weapon and committing murder while a juvenile, and the trial court accordingly imposed a sentence of commitment in the Texas Youth Commission with a possible transfer to the Institutional Division of the Texas Department of Criminal Justice for a term of thirty years.

## Statement by Appellant

■ In his first issue, appellant complains that the court abused its discretion in admitting his statement to the police over objections that it was obtained in violation of his statutory and constitutional rights. A trial court has broad discretion in determining the admissibility of evidence, and its ruling on a motion to suppress will not be set aside without a showing of abuse of discretion. *Almaguer v. State*, 960 S.W.2d 172, 173–74 (Tex.App.-Corpus Christi 1997, no pet.). Only when the trial court's decision is so wrong as to lie outside of the zone of reasonable disagreement will the decision be reversed. *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim.App.1992).

The Texas Family Code sets out detailed procedures for the detainment and arrest of juveniles accused of delinquency, with which police officers and courts are bound to comply. TEX. FAM.CODE ANN. §§ 52.01–52.026 (Vernon Supp.2004); *In re D.Z.*, 869 S.W.2d 561, 564 (Tex.App.-Corpus Christi 1993, writ denied). Section 52.02 provides that a person taking a child into custody must immediately bring that child to a designated juvenile processing office or to one of several listed alternative sites. TEX. FAM.CODE ANN. § 52.02 (Vernon Supp.2004); *Anthony v. State*, 954 S.W.2d 132, 136 (Tex.App.-San Antonio 1997, no pet.) ("The police station must use an area designated exclusively for processing juveniles."). Efforts at compliance with the requirements of the family code have

been closely scrutinized by Texas courts in the past. *See, e.g., Anthony,* 954 S.W.2d at 135; *In re R.R.,* 931 S.W.2d 11, 13–14 (Tex.App.-Corpus Christi 1996, no writ); *In re D.Z.,* 869 S.W.2d at 563–65. Any violations of the family code will render evidence subsequently obtained from the child inadmissible. Tex. Fam.Code Ann. § 54.03(e) (Vernon Supp.2004).

Shortly after Bernal's death, appellant was escorted in handcuffs from his grandmother's home to the local police station in Alamo. He was then given an initial set of Miranda warnings by a police officer. Once the magistrate judge arrived at the police station about an hour later, appellant was taken before the judge and again read his rights by the judge in the absence of any police officers. Appellant then signed a form indicating that he understood and waived his rights, and was taken before another police officer for questioning. During this interrogation, appellant was arrested by the police. He also generated and signed a statement detailing his activities during the night in question. He stated that he had seen another person, Alan de Leon, stab the deceased following the altercation in the street. Appellant also described the weapon used as a "red pocket knife."

The Alamo police department has a specially designated area where juvenile suspects are taken in order to be kept separate from adult suspects; however, according to one of the police officers involved, appellant was never taken to that area. Instead, when he was not before the magistrate judge or the investigating officer, appellant was kept in the general waiting area of the station where adult suspects are detained. No reason or excuse for this deviation from procedure was offered at trial by the police officers or magistrate judge.

It is clear from the testimony of the police officers involved in the detainment and interrogation of appellant that the procedures of section 52.02 were not strictly followed. Taking the appellant from his grandmother's home, placing him in handcuffs, transporting him to the police station in a police car, and reading him his rights sufficed to place appellant in custody. *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *In re S.A.R.,* 931 S.W.2d 585, 587 (Tex.App.-San Antonio 1996, writ denied) (determining "custody" by whether a reasonable person, including a juvenile, would have believed that their freedom of movement had been significantly curtailed). However, once he was placed in custody, appellant was not taken to a juvenile processing office or any of the places listed as an alternative in the statute. *See* Tex. Fam.Code Ann. § 52.02 (Vernon Supp.2004). He was taken to a police station that had a designated office for juveniles, but he was kept instead in the area used for adult suspects. Because the police officers failed to comply with the requirements of section 52.02, the statement that was obtained from appellant by the investigating officer that night violated his rights as a juvenile under the family code and was inadmissible at trial. *See id.* § 54.03(e).

The trial court abused its discretion in allowing the statement of appellant to be used against him at trial. *See Castillo v. State,* 865 S.W.2d 89, 95–96 (Tex.App.-Corpus Christi 1993, no pet.). This Court must therefore determine whether the admission of appellant's statement constitutes reversible error.

■ Texas Rule of Appellate Procedure 44.2 outlines the standard of review for reversible error in criminal cases. We employ the criminal standard of reversible error in this juvenile delinquency proceeding in lieu of the corresponding civil stan-

dard because the Texas Supreme Court has held that juvenile delinquency proceedings are "quasi-criminal" in nature and therefore criminal rules of procedure must be used as guidance. *In re B.L.D. and B.R.D.*, 113 S.W.3d 340, 351 (Tex. 2003); *In re D.Z.*, 869 S.W.2d at 565. According to the relevant rule, the court of appeals must reverse a judgment based on an error such as this unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment of the defendant. TEX.R.APP. P. 44.2(a).

The statement that was erroneously admitted into evidence did not contain any confession of culpability by appellant. Instead, it related a plausible scenario in which another person, an adult man who was never found by the police, was implicated. The State did suggest in its closing argument that the juvenile lied in his statement, because evidence indicated that a larger knife was used than his story suggested. However, appellant's statement, which only described the weapon as a "red pocket knife," was somewhat vague and did not include any description of the weapon's size. As the murder weapon itself was never found, the State was unable to directly contradict appellant's reported description of the weapon and therefore was unable to do more than imply that the statement was untruthful. Also, the most important evidence presented at trial was the testimony of an eyewitness who described the stabbing in detail and the testimony of a neighbor who heard appellant's mother implicate appellant immediately following the altercation. Other witnesses, including a pathologist who conducted the autopsy of the victim, offered corroborating details. Thus, regardless of the inclusion of the improperly admitted statement, the State had still otherwise met its burden of proof, and the error did not contribute to the conviction or punishment of appellant. Because the error was harmless, we overrule appellant on this issue.

## Statement by Appellant's Mother

■ By his second and third issues on appeal, appellant contends that the court committed reversible error when it admitted the statement of appellant's mother, over his objections, and that this admission denied appellant his right to due process under the United States and Texas Constitutions. More specifically, appellant complains on appeal that his Sixth Amendment right to confront the witnesses against him was violated when he was not allowed to cross-examine his mother's statements made to the police, as she invoked the Fifth Amendment once called to the stand during trial. We review a trial court's decision to admit evidence over objections for an abuse of discretion. *Moses v. State*, 105 S.W.3d 622, 627 (Tex.Crim.App.2003).

The trial court admitted appellant's mother's statement as a statement against interest and therefore an exception to the general rule against hearsay. TEX.R. EVID. 803(24). A statement against interest must subject the declarant to civil or criminal liability, or render a declarant's claim against another party invalid, or make the declarant an object of hatred, disgrace or ridicule. *Id.* The admissibility of a statement under rule 803(24) is determined by applying the following two-part test articulated in *Bingham v. State*, 987 S.W.2d 54 (Tex.Crim.App.1999):(1) the trial court must determine whether the statement tends to expose the declarant to criminal liability; and (2) the trial court must determine if there is any corroborating evidence that indicates the statement is trustworthy. *Id.* at 57. The admission of a hearsay statement that is not truly a statement against the interests of the declarant is a violation of the Confrontation Clause of the

Sixth Amendment. U.S. Const. amend. VI; *see Lilly v. Virginia,* 527 U.S. 116, 132, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999); *Bruton v. U.S.,* 391 U.S. 123, 136, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

The statement by appellant's mother did not satisfy the *Bingham* test, as the redacted statement ultimately used by the court did not expose her to any liability for the crime in question. In the statement, appellant's mother did mention other unrelated acts involving drugs and "passing illegals" that may have triggered criminal liability if investigated. However, in regard to the stabbing of Bernal, she admitted to only observing a physical altercation between Bernal and several people she knew, including her son. Her self-reported involvement was limited to a moment when she "grabbed [appellant] and told him to stop." Appellant argues in his brief that his mother's statement shows she "aided and abetted in helping appellant flee the crime scene in her van and was just as guilty as the stabber under the law of parties." However, appellant's mother made no mention in her statement of seeing her son engaged in any serious criminal acts. Furthermore, while she did drive away from the scene with her son and several others in her van, appellant's mother reported that no one left the vehicle and that she returned to the crime scene with all of her passengers, after which she was escorted by police to the Alamo police station. With only this information, her statement could not be used to conclude that appellant fled the crime scene as "the stabber," and that his mother intentionally aided and abetted him in doing so. Thus, the statement by appellant's mother is not sufficiently against her own penal interests *so as to overcome* Confrontation Clause concerns about the reliability of hearsay statements.

■ However, we need not address further the issue of the statement's admissibility under the Confrontation Clause and hearsay rules, because any error in the admission of the statement did not contribute to the conviction of appellant. *See Simpson v. State,* 119 S.W.3d 262, 269 (Tex.Crim.App.2003). In the *Simpson* decision, the Texas Court of Criminal Appeals conducted its harmless error review under rule 44.2(a) without first determining if the admission of the statement was in fact erroneous. *Id.* If the admission of the statement had no impact on the decision rendered by the jury, it is unnecessary to determine whether its admission was appropriate. Likewise, we will review the entire record to determine beyond a reasonable doubt whether the alleged error contributed to the conviction. See id.

The statement by appellant's mother does not report that any stabbing occurred. Her description of the fight ends with the victim, Bernal, running away: "He was OK. I did not see any blood." She states that appellant was punching the victim, but says nothing about the use or presence of any weapon. Her statement clearly did not contribute to appellant's conviction or punishment. While the statement did place appellant at the scene of Bernal's death, evidence from several other credible witnesses did the same. If anything, the statement may have been helpful to appellant, as it was a first-hand account that did not report that he had a weapon or made any stabbing motions toward Bernal. The statement also mentioned several other parties who were both present and engaged in the same fight with the deceased as appellant, which further supports his own claim that another man stabbed Bernal. As appellant's mother's statement did not provide helpful or significant information that could have

been used in the conviction of appellant, it did not contribute to the jury verdict against him. *See id.* at 271. Therefore, it was not an abuse of discretion for the trial court to allow the statement to be admitted into evidence despite Confrontation Clause concerns. Appellant's second and third issues are overruled.

Accordingly, we affirm.