

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-18-00108-CV

**IN THE MATTER OF B.B**.

From the 436th District Court, Bexar County, Texas
Trial Court No. 2016JUV01469
Honorable Lisa Jarrett, Judge Presiding

Opinion by:       Sandee Bryan Marion, Chief Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Marialyn Barnard, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed: December 19, 2018

AFFIRMED

This is a case of first impression addressing whether section 51.095 of the Texas Family Code, which sets forth the requirements for obtaining written statements from juveniles, is violated when the magistrate who administers the statutory warnings and determines the voluntariness of the juvenile's statement engaged in the actual questioning of the juvenile.

The State appeals the trial court's order granting B.B.'s motion to suppress asserting the trial court erred in concluding the magistrate's actions violated section 51.095.[1] B.B. responds the trial court properly concluded section 51.095 was violated because the magistrate assumed the role

---

[1] In its brief, the State also addresses the voluntariness of B.B.'s statement; however, the trial court did not base its ruling on the voluntariness of the statement but rather on the failure to comply with section 51.095, and B.B. does not address voluntariness in his brief.

of agent for the police rather than that of a neutral and disinterested magistrate. We affirm the trial court's order.

## BACKGROUND

The trial court entered extensive findings of fact and conclusions of law which are relied on in developing this background. In pertinent part, the trial court found as follows:[2]

> Detective R. Derosa received information from the owner of a cell phone that his phone had been stolen. The owner of the cell phone showed Detective Derosa, via the cloud, that said cell phone was shown to be located at Memorial High School. Detective Derosa obtained photographs of respondent on the said reportedly stolen cell phone, also via the cloud.

> Detective Derosa went to Memorial High School to locate the reportedly stolen phone and to determine if respondent was also at Memorial High School. Respondent was found to be at Memorial High School. The reportedly stolen phone was also found at Memorial High School (in the custody of one of respondent's teachers). Respondent was identified as having been in possession of the said reportedly stolen cell phone by said teacher.

> Respondent was in the Vice-Principal's office at Memorial High School. Respondent was questioned in the Vice-Principal's office by Detective Derosa and school personnel. Following the questioning, Detective Derosa placed respondent under arrest for theft. After placing respondent under arrest, Detective Derosa transported respondent to the juvenile processing office at the Alamo Heights Police Department. Officer Derosa took respondent before Magistrate Oliver.

> Prior to obtaining a written statement from respondent, Magistrate Oliver gave respondent a warning that the respondent may remain silent and not make any statement at all and that any statement that he makes may be used in evidence against him; that respondent has the right to have an attorney present to advise respondent either prior to any questioning or during the questioning; that if respondent is unable to employ an attorney, the child has the right to have an attorney appointed to counsel with the child before or during any interviews with peace officers or attorneys representing the state; and that the respondent has the right to terminate the interview at any time. Magistrate Oliver then consulted with Detective Derosa concerning the questioning of respondent. Detective Derosa gave Magistrate Oliver a list of questions Detective Derosa was interested in having answered by respondent.

---

[2] The trial court's findings listed each sentence separately. The findings are quoted verbatim but reformatted into paragraph form.

Magistrate Oliver questioned respondent based on the list of questions from Detective Derosa and instructed respondent to think about those questions prior to writing his statement. Respondent provided a written statement to Magistrate Oliver, who then shared it with Detective Derosa. Detective Derosa asked Magistrate Oliver to ask the respondent some additional questions. Respondent added to his written statement.

Prior to signing said written statement, Magistrate Oliver went over respondent's statement with him and questioned respondent as to whether this was in fact his statement, that he understands the nature and contents of the statement, and that the respondent is signing the statement voluntarily. Respondent then signed his statement. Magistrate Oliver certified that he examined the respondent independent of any law enforcement officer or prosecuting attorney, except as required to ensure the personal safety of the magistrate or other court personnel and [] determined that the respondent understands the nature and contents of the statement and has knowingly, intelligently, and voluntarily waived these rights.

Based on the foregoing findings, the trial court entered the following conclusions of law:

Magistrate Oliver's questioning of respondent with the list of questions provided by Detective Derosa prior to respondent providing a written statement operated to remove the protection of taking a child before a magistrate, prior to giving a written statement.

Magistrate Oliver's actions in questioning respondent about what should be included in respondent's statement, place Magistrate Oliver in the position of law enforcement, rather than a neutral and detached magistrate.

Respondent's written statement obtained after his formal arrest does not comply with §51.095 of the Texas Family Code.

Based on its conclusion that the written statement was obtained in violation of section 51.095, the trial court signed a written order granting B.B.'s motion to suppress. The State appeals.

## STANDARD OF REVIEW

When reviewing a trial court's ruling on a motion to suppress in a juvenile case, we employ the standard of review used in criminal cases. *In re S.C.*, 523 S.W.3d 279, 282 (Tex. App.—San Antonio 2017, pet. denied); *In re M.I.S.*, 498 S.W.3d 123, 130 (Tex. App.—Houston [1st Dist.] 2016, no pet.). Under that bifurcated standard, we defer to the trial court's resolution of historical facts that are supported by the record as the trial court is the exclusive judge of the credibility of

the witnesses and the weight to be given their testimony. *In re S.C.*, 523 S.W.3d at 282; *In re M.I.S.*, 498 S.W.3d 130. We review the trial court's conclusions of law applying the law to the facts de novo. *In re S.C.*, 523 S.W.3d at 282; *In re M.I.S.*, 498 S.W.3d 130.

### DISCUSSION

Under section 51.095, before a juvenile's written statement is taken, the juvenile must have received express statutory warnings from a magistrate, including that "if the [juvenile] is unable to employ an attorney, the [juvenile] has the right to have an attorney appointed to counsel with the [juvenile] before or ***during any interviews with peace officers or attorneys representing the state***" and "has the right to terminate the interview at any time." TEX. FAM. CODE ANN. § 51.095(a)(1)(A)(iii), (iv) (emphasis added). In addition, "the statement must be signed in the presence of a magistrate by the [juvenile] with no law enforcement officer or prosecuting attorney present" except if otherwise necessary for personal safety. *Id*. § 51.095(a)(1)(B)(i). Finally, "the magistrate must be fully convinced that the [juvenile] understands the nature and contents of the statement and that the [juvenile] is signing the same voluntarily, and if a statement is taken, the magistrate must sign a written statement verifying the foregoing requisites have been met." *Id*. § 51.095(a)(1)(B)(ii). Each of these statutory requirements illustrate the Texas Legislature contemplated the magistrate would remain neutral and provide a protective check on the questioning of a juvenile in order to ensure the voluntariness of a juvenile's statement. *Cf. Missouri v. McNeely*, 569 U.S. 141, 155 (2013) (noting "neutral magistrate judge's essential role as a check on police discretion").

Texas courts have repeatedly held strict compliance with section 51.095 is necessary. *Roquemore v. State*, 60 S.W.3d 862, 868 (Tex. Crim. App. 2001); *Ray v. State*, 176 S.W.3d 544, 548 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd); *In re J.M.S.*, No. 06-04-00008-CV, 2004 WL 1968644, at *3 (Tex. App.—Texarkana Sept. 8, 2004, no pet.) (mem. op.); *In re J.B.J.*, 86

S.W.3d 810, 815 (Tex. App.—Beaumont 2002, no pet.). As this court has noted, "the obvious concern of the Family Code provision is to ensure that children are fully informed and not influenced into waiving their rights *when they are being interviewed by officers*." *Ramos v. State*, 961 S.W.2d 637, 639 (Tex. App.—San Antonio 1998, no pet.) (emphasis in orig.). For this reason, police officers, courts, and others involved in handling juveniles "are bound to comply with the detailed and explicit procedures" enacted by the Texas legislature and set out in the Family Code. *In re R.R.*, 931 S.W.2d 11, 14 (Tex. App.—Corpus Christi 1996, no writ); *In re D. M. G. H.*, 553 S.W.2d 827, 828 (Tex. Civ. App.—El Paso 1977, no writ).

Given the magistrate's role under section 51.095 and the need to strictly comply with the detailed and explicit procedures set forth in section 51.095, we hold the questioning by the magistrate in this case violated section 51.095 for two reasons. First, section 51.095 only provides for questioning by peace officers or attorneys representing the state for purposes of obtaining the juvenile's statement and only after the juvenile is warned about the right to have an attorney appointed to counsel with the juvenile before and during questioning. Second, the magistrate failed to maintain the requisite neutrality required by the statute.

With regard to the first reason for our holding, one of the warnings a magistrate is required to give a juvenile under section 51.095 is that "if the [juvenile] is unable to employ an attorney, the [juvenile] has the right to have an attorney appointed to counsel with the [juvenile] before or ***during any interviews with peace officers or attorneys representing the state.***" TEX. FAM. CODE ANN. § 51.0095(a)(1)(A)(iii) (emphasis added). Thus, the warning only refers to questioning by "peace officers or attorneys representing the state" for purposes of obtaining a juvenile's statement. TEX. FAM. CODE ANN. § 51.095(a)(1)(A)(iii). Since strict compliance with the statute is required, and section 51.095 only refers to questioning by "peace officers or attorneys representing the state," section 51.095 necessarily precludes questioning by a magistrate for purposes of obtaining

a statement. Otherwise, the juvenile would need to be warned that he or she "has the right to have an attorney appointed to counsel with the juvenile before or during any interviews with" a magistrate which involve the magistrate questioning the juvenile like a peace officer or attorney representing the state for purposes of obtaining a statement. *Id*.

With regard to the magistrate failing to maintain the requisite neutrality, this court has previously addressed this concern. In *Moorhead v. State*, No. 04-00-00230-CR, 2001 WL 322166, at *3 (Tex. App.—San Antonio Apr. 4, 2001, pet. ref'd) (not designated for publication), the appellant contended his statement should have been suppressed because "the magistrate was not fair and impartial as required by" section 51.095. The appellant asserted "the magistrate acted as a law enforcement officer or prosecutor by interviewing him and taking his confession." *Id*. In rejecting the argument, this court held, "Moorhead fails to cite to any testimony or evidence indicating the magistrate acted as a law enforcement officer or prosecutor." *Id*. Therefore, "[b]ased on the record and lack of controverting evidence or arguments, we overrule[d] Moorhead's [] issue."

Implicit in this court's holding in *Moorhead* is the premise that this court might have held differently if Moorhead had cited to testimony or evidence indicating the magistrate acted as a law enforcement officer or prosecutor. In the instant case, the trial court found:

> Magistrate Oliver questioned respondent based on the list of questions from Detective Derosa and instructed respondent to think about those questions prior to writing his statement. Respondent provided a written statement to Magistrate Oliver, who then shared it with Detective Derosa. Detective Derosa asked Magistrate Oliver to ask the respondent some additional questions. Respondent added to his written statement.

The trial court's findings are supported by the record; therefore, our record contains the testimony and evidence we found lacking in the record in *Moorhead*.

One of the purposes of the Juvenile Justice Code "is to make the Juvenile Court an agency to counsel with and to help guide and safeguard the best interests of a child brought before such court." *Ballard v. State*, 192 S.W.2d 329, 332 (Tex. Civ. App.—Amarillo 1946, no writ). Section 51.095 clearly places the magistrate in the same position. "This judicial role accords with our basic constitutional doctrine that individual freedoms will best be preserved through a separation of powers and division of functions among the different branches and levels of Government." *U.S. v. U.S. Dist. Court for E. Dist. of Mich., S. Div.*, 407 U.S. 297, 317 (1972). Just as "prosecutors and policemen simply cannot be asked to maintain the requisite neutrality with regard to their own investigations," *Coolidge v. New Hampshire*, 403 U.S. 443, 450 (1971), a magistrate cannot be asked to remain neutral and impartial when engaged in investigative questioning. And, a magistrate might have a more difficult time finding a juvenile's statement that the magistrate elicited to be involuntary, as opposed to a statement elicited by law enforcement. *See* TEX. FAM. CODE ANN. § 51.0095(a)(1)(D) (requiring magistrate to certify the magistrate examined the juvenile independent of any law enforcement officer or prosecuting attorney to determine the juvenile knowingly, intelligently and voluntarily waived his rights). For these reasons, "there could hardly be a more appropriate setting than this for a per se rule . . . rather than a case-by-case evaluation of all the circumstances." *Coolidge*, 403 U.S. at 450. Therefore, we hold if a magistrate questions a juvenile to obtain a written statement using questions provided by a law enforcement officer and consults with the law enforcement officer before conducting additional questioning, the magistrate has violated the Family Code by failing to maintain the requisite neutrality. Furthermore, we conclude this failure to maintain the requisite neutrality necessarily impacts the voluntariness determination required by the Family Code. *See Pham v. State*, 175 S.W.3d 767, 772-74 (Tex. Crim. App. 2005) (holding juvenile must show causal connection between statutory

violation and the obtaining of the statement but State bears burden to prove voluntariness). Accordingly, the trial court did not abuse its discretion in granting B.B.'s motion to suppress.

## CONCLUSION

The trial court's order is affirmed.

Sandee Bryan Marion, Chief Justice