

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-19-00415-CV

**IN THE MATTER OF J.A.M.**

From the 386th Judicial District Court, Bexar County, Texas
Trial Court No. 2019JUV00012
Honorable Arcelia Trevino, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Irene Rios, Justice

Delivered and Filed: March 11, 2020

AFFIRMED

Appellant J.A.M. appeals the trial court's order denying his motion to suppress evidence obtained pursuant to a warrantless pat-down search of his person. We affirm the trial court's order and judgment.

### Background

On December 20, 2018, a student at Kirby Middle School in San Antonio told the school secretary he was concerned J.A.M. had brought a gun to school because he had seen a video of J.A.M. "shooting out of a pickup truck" and had heard a rumor that J.A.M. had brought a gun to school previously. The secretary, who had known the student for three years, testified the student had provided school administrators reliable information in the past.

The secretary radioed the school principal, who also had known the student for three years and found him credible. After speaking with the secretary in the student's presence, the principal asked a police officer assigned to the school district, Officer Albert Espinoza, to accompany him to J.A.M.'s classroom. The principal told Officer Espinoza they were visiting J.A.M.'s classroom to investigate a report that J.A.M. had a weapon. Officer Espinoza testified: "I guess they had an anonymous tip that came through the school district saying that there was a video of a student there that was displaying a weapon, using a weapon while driving a motor vehicle[.]"

The principal walked J.A.M. out of his classroom, at which point Officer Espinoza immediately patted J.A.M. down and asked J.A.M. whether he had "anything in [his] possession [he] shouldn't have here at school today." After J.A.M. replied "no," Officer Espinoza discovered a loaded handgun on J.A.M.'s left hip. J.A.M. was arrested and charged with delinquent conduct for intentionally and knowingly possessing a firearm on the premises of a school.

J.A.M. moved to suppress the evidence obtained as a result of the search of his person. After hearing testimony from the school secretary, the school principal, and Officer Espinoza, the trial court denied the motion to suppress. J.A.M. pleaded "true" to the charge of delinquent conduct and received one year of probation. J.A.M. appeals the trial court's order denying the motion to suppress.

**Standard of Review**

In a juvenile case, we review the trial court's denial of a motion to suppress evidence using the bifurcated standard of review applicable to a criminal case. *In re B.B.*, 567 S.W.3d 786, 789 (Tex. App.—San Antonio 2018, no pet.). Under this standard, we defer to the trial court's determination of historical facts that are supported by the record. *Id.* We review de novo the trial court's application of the law to the facts. *Id.*

**Discussion**

In a single issue, J.A.M. argues the trial court erred in denying his motion to suppress because the warrantless search of his person was conducted without reasonable suspicion.

The Fourth Amendment protects individuals from unreasonable search and seizure. *See New Jersey v. T.L.O.*, 469 U.S. 325, 334 (1985); *In re S.M.C.*, 338 S.W.3d 161, 165 (Tex. App.— El Paso 2011, no pet.). Although this protection applies to students in public schools, a student's privacy interest in a public school environment is limited by the State's responsibility for maintaining discipline and order. *T.L.O.*, 469 U.S. at 339; *S.M.C.*, 338 S.W.3d at 165. Accordingly, when a school official searches a student in a public school, the standard of suspicion necessary to satisfy the Fourth Amendment is reasonable suspicion, not probable cause. *T.L.O.*, 469 U.S. at 341; *S.M.C.*, 338 S.W.3d at 165. To determine whether the search of a student was reasonable, we consider whether the search was: (1) justified at its inception, and (2) reasonably related in scope to the circumstances that justified it in the first place. *Id.*; *In re K.C.B.*, 141 S.W.3d 303, 306 (Tex. App.—Austin 2004, no pet.).

Here, J.A.M. challenges the first prong of the reasonableness test, arguing the search was not justified at its inception because it was based solely on "an uncorroborated anonymous tip." "Under ordinary circumstances, a search of a student by a teacher or other school official will be 'justified at its inception' when there are reasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school." *T.L.O.*, 469 U.S. at 341–42. "Uncorroborated anonymous tips do not ordinarily rise to the requisite level of reasonable suspicion." *K.C.B.*, 141 S.W.3d at 307.[1]

---

[1] Where an anonymous tip involves the presence of a weapon on a school campus, however, "the circumstances presented might not be characterized as 'ordinary' and the balance might tilt more strongly in favor of the government interest involved." *Id.*

The record in this case demonstrates the search was not based on an anonymous tip. Both the school secretary and the school principal knew the student who reported J.A.M. *See In re B.R.P.*, No. 03-07-00106-CV, 2007 WL 2403226, at *3 (Tex. App.—Austin Aug. 23, 2007, no pet.) (mem. op.) (holding tip conveyed in person to school assistant principal was not anonymous). The fact that the student informant's identity was known to school officials lends it indicia of reliability, as does the secretary's testimony that the student informant had provided school administrators reliable information in the past and the principal's testimony that he considered the student credible. *See K.C.B.*, 141 S.W.3d at 307 (holding tip made by a known student has "an added indicia of reliability, thus allowing [the school official] to reasonably rely upon the tip"). Officer Espinoza conducted the search at the direction of the school principal. Although Officer Espinoza did not know the student's identity, in assessing reasonable suspicion, we consider the information known _collectively_ to the cooperating officials, not just the individual who personally conducted the search. *See Derichsweiler v. State*, 348 S.W.3d 906, 915 (Tex. Crim. App. 2011) (holding information obtained by 911 dispatcher and relayed to police officer who personally conducted warrantless detention of defendant was collectively known to both).

Therefore, because the school secretary, the school principal, and Officer Espinoza were collectively aware of the identity of the student who reported J.A.M., and the secretary and the principal knew the student to be credible and to have given reliable information in the past, we hold Officer Espinoza's search of J.A.M.'s person was justified at its inception under the circumstances. Because J.A.M. concedes the second prong of the reasonableness test was met here, stating he "does not complain that the officer exceeded the permissible scope of a search related to the circumstances," we do not address it. J.A.M.'s sole issue is overruled.

## Conclusion

Having overruled J.A.M.'s sole issue on appeal, we affirm the trial court's order denying J.A.M.'s motion to suppress evidence and judgment of conviction.

Sandee Bryan Marion, Chief Justice